UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

MARIA ZDZIENICKI,

        Plaintiff,

05 CV 3221

04 Civ.

COMPLAINT

- against -

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC., CONSOLIDATED EDISON,
INC., CONSOLIDATED EDISON RETIREMENT
PLAN, and CONSOLIDATED EDISON
RETIREMENT PLAN ADMINISTRATOR,

        Defendants.

----------------------------------------x



JUDGE STEIN

RECEIVED MAR 24 2005 N.Y.

Plaintiff Maria Zdzienicki ("plaintiff" or "Zdzienicki"), by her attorneys, Vladeck, Waldman, Elias & Engelhard, P.C., complains of Consolidated Edison Company of New York, Inc. ("CECONY"), Consolidated Edison, Inc. ("CEI"), Consolidated Edison Retirement Plan (the "Retirement Plan"), and Consolidated Edison Retirement Plan Administrator (collectively "defendants") as follows:

I. NATURE OF ACTION

1. This action is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), to obtain retirement benefits that have been denied to plaintiff. Plaintiff seeks to remedy defendants' unlawful denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and to remedy defendants' breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3)(B).

2. Injunctive and other appropriate equitable relief, declaratory relief, and attorneys' fees, are sought pursuant to 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3), and 1132(g)(1).

220693 v5

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under 29 U.S.C. § 1132(e)(1).

4. As the unlawful actions complained of herein occurred within the Southern District of New York, venue is proper within this District pursuant to 29 U.S.C. § 1132(e)(2).

5. Plaintiff has exhausted the administrative claims procedures established by the Retirement Plan. On April 21, 2003, defendants notified plaintiff that payments would begin on her deferred pension, and that such pension would be calculated based on a birth date of July 30, 1939, beginning in May 2003. Plaintiff, through counsel, notified defendants that her accurate date of birth was July 30, 1934. On November 3, 2003, defendants sent plaintiff forms identical to those they sent her in April, again stating that her pension amounts would be calculated using a 1939 birth date, without responding to plaintiff's request that defendants use the correct date. On November 13, 2003, plaintiff filed a written claim for the pension payments due and owing her in accordance with her accurate date of birth. By letter dated November 24, 2003, defendants informed plaintiff that her claim for retirement benefits calculated in accordance with her actual birth date was denied. On or about February 5, 2004, consistent with the Retirement Plan claims procedure, plaintiff appealed, in writing, and requested review of the denial of benefits. On or about May 4, 2004, the denial of plaintiff's claim was upheld. A request for reconsideration of that decision was rejected on June 17, 2004.

## III. PARTIES

6. Plaintiff resides in East Hampton, New York. She was born in Poland on July 30, 1934. She was employed by CECONY from July 1980 until May 1, 1990.

7. Defendant Consolidated Edison Company of New York, Inc. is a New York corporation with its principal place of business located at 4 Irving Place, New York, New York.

220693 v5

2

CECONY is an employer engaged in an activity affecting commerce within the meaning of 29 U.S.C. § 1003(a)(1). CECONY is the "plan sponsor" and a "fiduciary" of the Retirement Plan within the meaning of 29 U.S.C. §§ 1002(16)(B) and 1002(21)(A). CECONY acted as a fiduciary with regard to the conduct at issue in this action.

8. Defendant Consolidated Edison, Inc. is a holding company of which CECONY is a wholly owned subsidiary. All of CEI's affiliates are employers engaged in an activity affecting commerce within the meaning of 29 U.S.C. § 1003(a)(1). CEI is a "plan sponsor" and a "fiduciary" of the Retirement Plan within the meaning of 29 U.S.C. §§ 1002(16)(B) and 1002(21)(A). CEI acted as a fiduciary with regard to the conduct at issue in this action.

9. Defendant Consolidated Edison Retirement Plan is established and maintained by defendants for the purpose of providing plan participants with benefits in the event of retirement through the purchase of insurance, and is an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1).

10. Defendant Consolidated Edison Retirement Plan Administrator (the "Administrator") is delegated the discretionary authority to control and manage the operation and administration of the Retirement Plan, including determining eligibility for and entitlement to benefits under the Retirement Plan. The Administrator is the "administrator" of the Retirement Plan within the meaning of 29 U.S.C. § 1002(16)(A) and a "fiduciary" of the Retirement Plan within the meaning of 29 U.S.C. § 1002(21)(A). The Administrator acted as a fiduciary with regard to the conduct at issue in this action.

IV. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. The Retirement Plan covers former CECONY employees and former employees of other CEI affiliates, with exceptions not relevant here. Former employees and/or

220693 v5

3

retirees of CECONY and other CEI affiliates who, as of December 31, 2000, had a vested right to an accrued pension allowance from a predecessor plan are eligible to draw benefits from the Retirement Plan.

12. The Retirement Plan permits distribution of different types of pension allowances starting on different dates. Former CECONY employees may elect distribution for the normal retirement pension allowance on the first month after their sixty-fifth birthday. In the alternative, former CECONY employees receive an early retirement pension allowance when their age and years of accredited service total at least seventy-five points, even if at that date they are under age sixty-five.

13. CECONY participants' normal retirement benefits are calculated according to a formula that takes into account their annual compensation and their accredited service. CECONY participants who elect to receive an early retirement pension allowance receive a reduced amount of their normal retirement benefits allowance calculation, unless they begin their pension allowance at age fifty-five or older with thirty or more years of accredited service or they begin their pension allowance between the ages of sixty and sixty-four with seventy-five points. For CECONY management participants who meet either of those exceptions, the IRS mandates certain reductions in benefits.

14. CECONY and other CEI affiliates pay the full cost of the Retirement Plan.

15. In 1980, CECONY hired Zdzienicki as an architect in the civil engineering area and, later, in the real estate department. Throughout her ten years with CECONY, plaintiff was classified as a grade level 10.

16. Zdzienicki was a management employee covered by the CECONY's Retirement Plan for Management Employees (the "Predecessor Plan"). Pursuant to the Predecessor

220693 v5

4

Plan, CECONY management employees' pension benefits became fully vested when the employees completed five years of service. Zdzienicki's fifth anniversary with CECONY was in 1985.

17. Under the terms of the Retirement Plan, because Zdzienicki's benefits under the Predecessor Plan were fully vested before December 31, 2000, she became automatically eligible for benefits under the Retirement Plan.

18. Zdzienicki was born in Poland on July 30, 1934. Her Polish birth certificate, her Polish marriage license, her Polish passport, her Polish driver's license, her international driver's license, and her French work permit all confirm that date. That date was reflected on her green card when she immigrated to the United States in or about 1968. The Social Security Administration uses July 30, 1934 as plaintiff's birth date to calculate her entitlement to governmental retirement benefits.

19. In the mid-1970's, Zdzienicki received a Certificate of Naturalization from the United States reflecting a July 30, 1939 date of birth, an error that was repeated on her United States passport.

20. After Zdzienicki's employment with CECONY terminated in May 1990, she elected to receive her pension in monthly increments beginning at the normal retirement date, i.e., in the first month after her 65th birthday, or August 1999, rather than in an early lump sum pay-out consistent with the reduced calculations.

21. As set forth in paragraph 5, on or about April 21, 2003, defendants sent Zdzienicki a form advising her of her monthly pension amount and that her eligibility for pension would begin in 2003. This alerted plaintiff to the discrepancy between her actual birth date and the birth date in defendants' records; accordingly, plaintiff's attorney advised defendants of her correct date of birth. Without explanation, defendants responded by sending plaintiff forms identical to

those they sent her in April, still citing an incorrect eligibility date. Defendants did not acknowledge plaintiff's claim for recalculation to reflect the five additional years' worth of benefits to which plaintiff was entitled, based on the 1934 birth date.

22.     From time to time during plaintiff's ten years of employment by defendants, she was asked to fill out various forms that included requests for her birth date. Whether through a clerical error due to difficulty reading plaintiff's handwritten "4"'s – which often are mistaken for "9"'s – or because plaintiff represented herself to be younger out of fear of age discrimination, approximately ten forms on file with defendants list an incorrect date of birth or age for plaintiff.

23.     In November 2003, Zdzienicki, through counsel, filed a written claim for benefits based on her actual birth date. As proof of her 1934 birth date, plaintiff provided her Polish birth certificate, Polish marriage license, and Polish passport, along with their respective English translations. Despite this overwhelming proof of plaintiff's actual age according to government-issued documents, defendants denied plaintiff's claim on November 24, 2003. Again, defendants did not acknowledge plaintiff's proof of her actual date of birth, and merely cited internal documents as "proof" that 1939 was the correct date.

24.     As set forth in paragraph 5, Zdzienicki appealed defendants' determination on February 5, 2004 (i.e., within ninety days of receiving notice of the denial of benefits, as directed by the Retirement Plan's claims procedure). As further proof that 1934 was plaintiff's actual birth date, plaintiff provided documentation showing that the Social Security Administration uses 1934 as plaintiff's birth date in calculating her benefits entitlement.

25.     By letter dated May 4, 2004, defendants once again denied plaintiff's claim, and once again, did so on the basis of their erroneous internal documents. Although defendants acknowledged that plaintiff's Polish birth certificate, Polish marriage license, and Polish passport

220693 v5

6

were in plaintiff's file, they expressly refused to make "any assumptions or conclusions regarding those documents" because they had not been specifically designated as attachments to the written appeal.

26. On May 19, 2004, plaintiff, by counsel, sought reconsideration of defendants' decision, again forwarding plaintiff's Polish birth certificate and marriage license. That request was denied on June 17, 2004.

### FIRST CAUSE OF ACTION
### Denial of Benefits - ERISA

27. Plaintiff repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

28. The Retirement Plan defines "Normal Retirement Date" as, in relevant part, "[t]he first day of the month immediately following . . . the Participant's attainment of age sixty-five (65)." Neither that definition nor any other provision of the Retirement Plan compromises plaintiff's right to a payment start date immediately following her sixty-fifth birthday based on her actual birth date, and not a birth date determined by defendants based solely on their internal records.

29. The Retirement Plan requires that a participant's payments begin no later than the first day of the month after her sixty-fifth birthday.

30. As a participant born on July 30, 1934, plaintiff became entitled to receive Retirement Plan benefits as of August 1, 1999.

31. Defendants' refusal to consider plaintiff's actual birth date in calculating the start date of her benefits, and their reliance solely on their erroneous internal documents in calculating that date, is an improper denial of vested pension benefits in violation of ERISA.

32. Plaintiff is now suffering and will continue to suffer monetary injury as a

220693 v5

7

result of defendants' unlawful denial of benefits.

## SECOND CAUSE OF ACTION
### Breach of Fiduciary Duty - ERISA

33. Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34. Upon information and belief, CECONY is a fiduciary within the meaning of ERISA, because it exercised discretionary authority over the administration of the Retirement Plan and acted as a fiduciary with regard to the conduct at issue in this action.

35. Upon information and belief, CEI is a fiduciary within the meaning of ERISA, because it exercised discretionary authority over the administration of the Retirement Plan and acted as a fiduciary with regard to the conduct at issue in this action.

36. Upon information and belief, the Administrator is a fiduciary within the meaning of ERISA, because he exercised discretionary authority over the administration of the Retirement Plan and acted as a fiduciary with regard to the conduct at issue in this action.

37. Defendants' failure pay plaintiff the full pension to which she is entitled under the terms of the Retirement Plan on the basis of her actual birth date, and not a birth date determined by defendants based solely on their internal records, violated defendants' fiduciary duty to compute plaintiff's pension in a reasonably prudent manner.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(a) direct defendants to pay plaintiff a lump sum equal to the past benefits to which she was entitled as a participant in the Retirement Plan as of August 1, 1999 to the date judgment is entered, and to continue to pay prospective benefits based on an actual birth date of July 30, 1934;

220693 v5

(b)  in the alternative, enter a judgment in the amount of the present value of plaintiff's vested pension, computed in accordance using the formula outlined in the Retirement Plan, with plaintiff's actual age as a variable, as provided in the Retirement Plan for employees who retire prior to age sixty and who elect a deferred payout option;

(c)  declare the acts and practices complained of herein to be in violation of ERISA;

(d)  award plaintiff the costs of this action, together with attorneys' fees, costs, and disbursements pursuant to 29 U.S.C. § 1132(g);

(e)  award prejudgment interest on the monetary relief; and

(f)  grant such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
       March 24, 2005

                                VLADECK, WALDMAN, ELIAS &
                                ENGELHARD, P.C.


                            By: _____
                                Debra L. Raskin (DR 5431)
                                Attorneys for Plaintiff
                                1501 Broadway, Suite 800
                                New York, New York 10036
                                (212) 403-7300

220693 v5                           9