UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

MARIA ZDZIENICKI,

                     Plaintiff,

  - against -

CONSOLIDATED EDISON COMPANY OF NEW
YORK, INC., CONSOLIDATED EDISON, INC.,
CONSOLIDATED EDISON RETIREMENT PLAN,
and CONSOLIDATED EDISON RETIREMENT
PLAN ADMINISTRATOR,

                     Defendants.

------------------------------------------------X

05 Civ. 3221 (SHS) (THK)

ECF Case

PLAINTIFF'S STATEMENT OF
UNDISPUTED MATERIAL
FACTS PURSUANT TO LOCAL
CIVIL RULE 56.1

       Plaintiff Maria Zdzienicki ("plaintiff" or "Zdzienicki"), pursuant to Local Civil Rule 56.1(a), submits this statement of undisputed material facts in support of her motion for summary judgment.

A.    <u>The Evidence Concerning Plaintiff's Birth Date</u>

      1.    Plaintiff was born in Poland on July 30, 1934. (AR410-14)[1]

      2.    Plaintiff's Polish birth certificate (<u>id.</u>), her Polish marriage license (AR407-08), and her Polish passport (AR409) all confirm that date.

      3.    The United States Social Security Administration uses July 1934 as plaintiff's birth month and year to calculate her entitlement to government retirement benefits.

---

[1] "AR" denotes citations to the Administrative Record attached as Exhibit A to the Affidavit of Sharon Goldzweig, sworn to June 17, 2005 ("Goldzweig Aff."), which previously was filed in this action.

231555 v1

Accordingly, it began paying those benefits to plaintiff in August 1999, i.e., sixty-five years after July 1934. (AR362)

4. Defendant Consolidated Edison Company of New York, Inc. ("Con Ed" or "defendants") hired Zdzienicki in July 1980 as an architect in the civil engineering area (AR442); she later moved to the real estate department. (AR139-40, 403)

5. Shortly after she was hired, Zdzienicki completed a "Certification of Date of Birth" form. (AR370, AR444)[2]

6. The Certification of Date of Birth form ("Certification"), which Con Ed's counsel described as being "for purposes of the INS" (AR350), reflects that Zdzienicki submitted to Con Ed a November 6, 1974 United States Certificate of Naturalization listing an erroneous July 30, 1939 date of birth. (AR370, AR444)

7. Although the Con Ed Certification states that the information the employee provides "is to be used by the Consolidated Edison Company of New York, Inc., in establishing [her] date of birth," (id.), the form does not state that that date of birth is the basis for determining pension eligibility, or that the form would be the sole basis for such a determination. The second page of the Certification lists several "types of evidence" that "may be used for establishing date of birth," such as a "Certificate of Birth," "Certificate of Baptism," "School Records," "Citizenship Papers" (including a "Certificate of Naturalization" or a "Passport"), and an "Affidavit of Two Other Persons Having Knowledge of the Date of Birth of the Individual." (AR371, AR445)

---

[2] The Administrative Record includes multiple copies of certain documents; citation to all copies is provided.

8. Plaintiff executed an "Employment Authorization," which appears to be a payroll document at or around the date of her hire that lists the July 30, 1939 birth date. (AR387, AR442-43)

9. Zdzienicki completed upon her dismissal in 1990 continuation of health care coverage forms (AR366), but it is difficult to ascertain whether plaintiff's handwritten date of birth is "7/30/39" or "7/30/34" as the final digit in those entries resembles a "4" as much as a "9." (AR388-94, AR463-67)

10. At her October 17, 1990 unemployment insurance hearing, plaintiff testified that she was 52, a plainly erroneous number that did not correspond to the July 1939 birth date or the July 1934 birth date. (AR190, AR400)

11. Plaintiff contended her firing was discriminatory and on May 15, 1991 filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (AR493) In that charge, plaintiff stated that she was "more than 50 years of age." (Id.)

B.  Plaintiff's Claim For Retirement Benefits

12. Zdzienicki was qualified as a management-level employee under Con Edison's retirement plan in place at the time she was hired in 1980, the Retirement Plan for Management Employees (the "Predecessor Plan"). (Answer ¶16)

13. Because Zdzienicki's benefits under the Predecessor Plan were fully vested before December 31, 2000, she became automatically eligible for benefits under the Plan, which replaced the Predecessor Plan in December 2002. (Id. ¶17; AR248-49)

14. Plaintiff's retirement benefits are to be calculated according to the pension formula of the Predecessor Plan. (AR249)

15. Under the Predecessor Plan, a participant who retires at the normal retirement age of 65 is eligible to receive an unreduced retirement benefit, so long as his or her age plus years of Con Ed service total 75. (AR235)

16. When Zdzienicki's employment terminated in 1990, defendants used the 1939 birth date and calculated that she was then 50 years old and had ten years of service, for a total of 60 points. Under that calculation, still using the 1939 birth date, Zdzienicki would begin to receive a pension in January 2004 when she had a total of 75 points. (AR479)

17. The 1990 letter sent to Zdzienicki informing her of her scheduled benefits eligibility date also invited her to forward copies of "[p]roof of [her] age." (AR478, AR483)

18. Sometime in March 2003, plaintiff's counsel discussed plaintiff's pension with James Grossi ("Grossi"), a Con Edison Human Resources Department Supervisor who stated that she had not yet begun receiving her pension benefits because they were being calculated on the basis of a July 30, 1939 birth date, and consequently, Con Ed did not consider Zdzienicki to have reached age 65. (AR432)

19. Grossi told plaintiff's counsel that the problem of calculating benefits based on a July 1939 birth date could be corrected if Zdzienicki provided a birth certificate or other proof, such as a passport. (AR432)

20. Informed of Con Ed's request by a letter from her attorney dated April 1, 2003 (id.), Zdzienicki faxed Con Ed copies and translations of her Polish marriage license and her birth certificate which was certified by a Polish consular officer. (AR424-30)[3]

---

[3] In the photocopying of the Administrative Record, the fax line reflecting the transmission of those documents from plaintiff has been largely deleted, although part of her name as the source of the fax is reflected at AR428 and 430.

231555 v1                           4

21. On April 21, 2003 and again on November 5, 2003, Grossi wrote Zdzienicki advising her that her benefits would be payable as of January 1, 2004, again reflecting a belief that plaintiff's birth date was 1939. (AR433-38)[4]

22. Defendants did not acknowledge receipt of plaintiff's marriage license or birth certificate, or her request that defendants use her correct birth date in calculating her pension benefit entitlement. (AR433-38)

23. On November 13, 2003, plaintiff, through counsel, filed a written claim for the pension payments due and owing as of January 1999, in accordance with her actual 1934 date of birth. (AR336-49)

24. As proof of her 1934 birth date, plaintiff in her November 2003 appeal again provided her Polish birth certificate and Polish marriage license, along with their respective English translations, and also furnished a copy of her Polish passport. (AR336-49)

25. By letter dated November 24, 2003, defendants informed plaintiff that her claim for retirement benefits calculated in accordance with her actual birth date was denied. (AR350-51) Again, defendants did not discuss the evidence of a 1934 birth date that had been submitted.

26. On February 5, 2004, plaintiff filed a timely appeal requesting review of the denial of benefits. (AR354-56) As further proof, plaintiff provided documentation showing that the United States Social Security Administration uses July 1934 as plaintiff's birth date in calculating her benefit entitlement. (AR362)

---

[4] Con Edison has not included the attachments to the April 21, 2003 letter in the Administrative Record. (See AR433)

27. On May 4, 2004, defendants once again denied plaintiff's claim. Although defendants for the first time acknowledged that plaintiff's Polish birth certificate, Polish marriage license, and Polish passport were in plaintiff's file, they expressly refused to make "any assumptions or conclusions regarding those documents" because the materials had not been specifically designated as attachments to the written appeal. (AR367)

28. On May 19, 2004, plaintiff, by counsel, sought reconsideration of defendants' decision, again forwarding counsel's November 2003 correspondence and supporting documents, including plaintiff's Polish birth certificate, marriage license, and passport. (AR404-19)

29. Defendants denied that request on June 17, 2004. (AR420-21)

30. Although defendants stated that they adhered to their prior decision "[u]pon review of these [government-issued] documents" (AR420), the June 17, 2004 letter contains no discussion or analysis of those materials. (AR420-21)

Dated: New York, New York
       September 30, 2005

VLADECK, WALDMAN, ELIAS & ENGELHARD, P.C.

By: _____
Debra L. Raskin (DR 5431)
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, New York 10036
(212) 403-7300