USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARIA ZDZIENICKI,  :  05 Civ. 3221 (SHS)

               Plaintiff,  :  OPINION & ORDER

      -against-  :

CONSOLIDATED EDISON COMPANY OF NEW  :
YORK, INC., CONSOLIDATED EDISON, INC.,  :
CONSOLIDATED EDISON RETIREMENT PLAN,  :
and CONSOLIDATED EDISON RETIREMENT  :
PLAN ADMINISTRATOR  :

               Defendants.  :
-----------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

## I. Introduction

From the beginning of her employment at the Consolidated Edison Company of New York, Inc. ("Con Edison") in 1980 through her dismissal ten years later in 1990, Maria Zdzienicki maintained that she was born on July 30, 1939. Indeed, she provided the company with sworn documents, including her Certificate of Naturalization as a United States citizen, confirming that to be the case. In 2003, however, with her pension benefits about to commence, Zdzienicki informed Con Edison that she was actually born on July 30, 1934 – five years earlier than she had previously represented – and was therefore entitled to a commensurately larger pension. As proof, Zdzienicki submitted copies of her Polish birth certificate, Polish marriage license and Polish passport, each of which reflected 1934 as her year of birth. The administrator of Con Edison's pension plan, however, denied Zdzienicki's request for additional benefits and explained that there was sufficient evidence in the record to conclude that she was born in 1939, not 1934, regardless of the authenticity vel non of the newly-submitted Polish documents.

1

Zdzienicki claims that the plan administrator's decision was arbitrary and capricious in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). The parties, relying on the facts in the administrative record and defendants' stipulation that the plan administrator did not attempt to investigate whether the new Polish documents were in fact authentic, have filed cross motions for summary judgment. Because the Court finds that the plan administrator's decision to calculate Zdzienicki's pension benefits using July 30, 1939 as her year of birth was supported by substantial evidence and was not arbitrary and capricious, defendants' motion for summary judgment is granted, plaintiff's motion for summary judgment is denied and the complaint is dismissed.

## II. Background

The following facts are drawn from the administrative record and are undisputed.

When Zdzienicki began working for Con Edison in the summer of 1980, she became a participant in the company's employee pension plan, which at that time calculated pension benefits based on a combination of an employee's age and years of service. (AR 230-35.)[1] The plan did not specify how an employee's age is to be discerned; rather, it gave discretionary authority to the "Plan Administrator" to "interpret[]" the terms of the plan, "determin[e] eligibility for and entitlement to benefits under the Plan" and "determin[e] any facts and resolv[e] any questions" with respect to administration of the plan. (AR 326.)

As a new employee, Zdzienicki was required upon commencing employment to submit a document establishing her date of birth. (AR 364, 370-71, 442.) To fulfill this requirement, Zdzienicki signed a "Certification of Date of Birth" attesting that she was born on July 30, 1939.

---

[1] "AR" refers to the administrative record, which is attached as Ex. A to the Affidavit of Sharon Goldzweig in Support of Defendants' Response in Opposition to Plaintiff's Motion for Discovery dated June 17, 2005.

2

(AR 370.) The certification declared: "I make this statement with the understanding that it is to be used by [Con Edison] in establishing my date of birth." (Id.) As verification of her age, Zdzienicki presented her Certificate of Naturalization, a document issued by the U.S. Department of Justice, that listed her date of birth as July 30, 1939. (AR 444-45.) Zdzienicki also signed an "Employment Authorization" form showing that same date. (AR 387.)

During her 10-year employment at Con Edison, Zdzienicki did not attempt to alter the company's records of her date of birth. (AR 469-474.) At one point, she submitted a diploma from the Warsaw University of Technology that listed her birth date as July 30, 1939. (AR 446.)

Zdzienicki was terminated for insubordination in April 1990. (AR 453.) In July of that year, and then again in August, she was sent a package of information that explained how her pension benefits were to be calculated and informed her that "the earliest date" on which she would receive her pension was "January 1, 2004." (AR 477-85.) This calculation was based on a July 30, 1939 birth date. (AR 479.) The benefits package gave Zdzienicki an option: she could sign and return a form electing to cash out her benefits immediately or do nothing and begin receiving her deferred pension in January 2004. (Id.) Zdzienicki did not respond to these mailings. (AR 486.)

Zdzienicki did, however, continue to represent that she was born in 1939. In October 1990, Zdzienicki submitted "Continuation of Health Care Coverage" ("COBRA") forms listing in three separate locations what appears to this Court to be July 30, 1939 as her birth date.[2] (AR 463-466.) Two weeks later, at a hearing before an administrative law judge in which she claimed that her termination was due to age discrimination, Zdzienicki testified under oath that

---

[2] Plaintiff contends that on these forms, "it is difficult to ascertain whether plaintiff's handwritten date of birth is '7/30/39' or '7/30/34' as the final digit in those entries resembles a '4' as much as a '9.'" (Pl.'s Mem. in Support of Motion for Summary Judgment dated Sept. 30, 2005 at 4.)

3

she was 52 years old – a number that would mean she was born in 1938, a year earlier than she had previously represented. (AR 190, 400.) In 1993, Zdzienicki submitted to Con Edison diagnostic laboratory reports concerning her health in order to secure payment under the company's retiree medical insurance program; those reports clearly listed July 30, 1939 as her birth date. (AR 396-98, 461-62.)

The administrative record includes no communications between Zdzienicki and Con Edison over the next ten years. In February 2003 – less than a year before the commencement of her pension payments – Con Edison generated a retirement payment report for Zdzienicki that utilized July 30, 1939 as her date of birth in calculating her benefits schedule. (AR 488-90.) Two months later, Zdzienicki sent a facsimile to James Grossi, a human resources supervisor at Con Edison, enclosing (1) a copy and English translation of a Polish document titled "Abridged Copy of Birth Certificate" showing a date of birth of "30.07.1934" – five years earlier than the date reflected in the company's records; and (2) a document titled "Translation from Polish: Abstract of a Certificate of Marriage," that did not include a reference to her date of birth. (AR 422-30.) On November 5, 2003, Grossi wrote Zdzienicki advising her that her deferred pension benefit would be "effective January 1, 2004"; this meant that Con Edison would continue to consider 1939 as her year of birth. (AR 434-38.)

A week later, Zdzienicki's lawyer sent a letter to counsel for Con Edison requesting that Zdzienicki's pension benefits be calculated based on a July 30, 1934 birth date. (AR 336.) Included with the letter were: (1) the same copy and translation of Zdzienicki's "Abridged Copy of Birth Certificate" that had been faxed to Grossi and that showed a date of birth of July 30, 1934; (2) a copy and English translation of a Polish document titled "Abridged Transcript of Marriage Certificate" that listed July 30, 1934 as Zdzienicki's date of birth (this was a different

4

document than the "Abstract of a Certificate of Marriage" that had been faxed to Grossi); and (3) a copy of Zdzienicki's Polish passport, which included a handwritten birth date of July 30, 1934. (AR 337-44.)

Con Edison's counsel responded with a letter sent on November 24, 2003 listing the extensive prior representations Zdzienicki had made to Con Edison concerning her age and noting that a certified copy of her "Abstract of Driving Record" on file with the New York Department of Motor Vehicles showed her birth date as July 30, 1939. (AR 350-51.) The letter concluded: "Thus far, we have determined that your client uses July 30, 1939 as her birth date for her Certificate of Naturalization, her birth certificate equivalency at Consolidated Edison, and for her New York State Department of Motor Vehicles. Please let me know how you would like me to proceed." (Id.)

On February 5, 2004, counsel for Zdzienicki wrote to the administrator of Con Edison's pension plan to appeal the company's use of July 30, 1939 as her birth date for calculating pension benefits. (AR 354-56.) That letter did not mention the recently submitted Polish documents; rather, it focused entirely on the purportedly "dispositive" fact that the Social Security Administration was calculating Zdzienicki's retirement and disability payments using 1934 as her year of birth. (Id.)

Three months later, on May 4, 2004, Con Edison's plan administrator denied Zdzienicki's appeal. (AR 363-368.) The administrator explained that the retirement plan was not "bound by a finding of the Social Security Administration" and that numerous documents supported the conclusion that Zdzienicki was born on July 30, 1939, not July 30, 1934, including Zdzienicki's certification of her date of birth at the outset of her employment, her Certificate of Naturalization, her COBRA forms, her New York State driver's abstract, her diploma from the

5

Warsaw University of Technology and her employment authorization form. (Id.) He also noted that Zdzienicki had not disputed the accuracy of her 1939 birth date in 1990, when her employment was terminated and she was told that her deferred pension would not commence until 2004. (Id.) With regard to Zdzienicki's Polish birth certificate, passport and marriage license, the administrator wrote that because Zdzienicki "did not include these documents in [her] request for an appeal nor did [she] refer to them in [her] appeal argument . . . we have not made any assumptions or conclusions regarding those documents." (Id.)

Counsel for Zdzienicki responded to this denial with a letter asking the plan administrator to treat the Polish documents as "part of the record" and to "reconsider your refusal to change Maria Zdzienicki's date of birth to July 30, 1934." (AR 404.) The plan administrator denied that request by letter dated June 17, 2004. (AR 420-21.) The letter listed the extensive evidence in the record that Zdzienicki had submitted over more than a decade providing July 30, 1939 as her date of birth and concluded that in light of that evidence and "[u]pon review" of the Polish documents, "we confirm our denial of [Zdzienicki's] appeal to change her birth date." (Id.)

After receiving this final denial, Zdzienicki filed the complaint in this action. During discovery proceedings, defendants stipulated at a conference before Magistrate Judge Theodore Katz that while the plan administrator "clearly looked at" the Polish documents, he "felt no need to determine whether they were actually authentic because [he] had a right to rely on all [of Zdzienicki's] earlier statements." (Tr. dated Aug. 1, 2005 ("Aug. 1 Tr.") at 17, 19-20, Ex. A to Decl. of Debra L. Raskin dated Sept. 30, 2005.)

As noted above, plaintiff has now moved for summary judgment on the basis of this stipulation. She asserts that the administrator's decision not to investigate the authenticity of the potentially dispositive Polish documents was arbitrary and capricious in violation of ERISA,

6

which requires a full and fair review of all documents in the record regardless of when they were submitted. Defendants contend that the plan administrator's decision to rely on Zdzienicki's earlier documents was reasonable and supported by substantial evidence and thus was not arbitrary and capricious. Accordingly, defendants assert that they are entitled to judgment as a matter of law.[3]

## III. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate only if the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995); LaFond v. Gen. Physics Servs. Corp., 50 F.3d 165, 171 (2d Cir. 1995). In determining whether a genuine issue of material fact exists, the Court "is to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004); see also LaFond, 50 F.3d at 171. However, the party opposing summary judgment "may not rely on mere conclusory allegations or speculation, but instead must offer some hard evidence" in support of its factual assertions, D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998), such that "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Golden Pacific Bancorp v.

---

[3] Defendants also assert that Zdzienicki's claims are barred by ERISA's six-year statute of limitations in that Zdzienicki was put on notice – at the latest – by 1990 that Con Edison was using July 30, 1939 as her date of birth in calculating her pension benefits. The Court does not address this argument because, as explained below, the Court finds that the plan administrator's decision was not arbitrary and capricious and thus did not violate ERISA.

7

F.D.I.C., 375 F.3d 196, 200 (2d Cir. 2004) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

Where, as here, both parties have moved for summary judgment, the same legal standards apply. See Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001). "[E]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Id. (citing Schwabenbauer v. Bd. of Educ., 667 F.2d 305, 314 (2d Cir. 1981)).

B. Evaluation of Zdzienicki's ERISA Claim

Zdzienicki's sole federal claim is for denial of enhanced pension benefits pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B).[4] (Compl. ¶¶ 27-32.) As plaintiff concedes, because Con Edison's pension plan explicitly grants the plan administrator discretionary authority to determine eligibility for benefits and to decide any facts and resolve any questions with respect to administration of the plan, the Court reviews the denial of benefits for abuse of discretion and can reverse such a decision only if it is "arbitrary and capricious." See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989); Zervos v. Verizon New York, Inc., 277 F.3d 635, 650 (2d Cir. 2002).

In employing the arbitrary and capricious standard, "the scope of judicial review is narrow." Celardo v. GNY Automobile Dealers Health & Welfare Trust, 318 F.3d 142, 146 (2d Cir. 2003). A court may overturn a plan administrator's discretionary decision to deny benefits "only if the decision was 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" Id. (quoting Pagan v. NYNEX Pension Plan, 52 F.3d 438, 442 (2d Cir. 1995)).

---

[4] The complaint also asserted a claim for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3), but plaintiff has since withdrawn that claim. (See Pl.'s Reply Mem. dated Dec. 2, 2005 at 19.)

"Substantial evidence is 'such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [administrator and] . . . requires more than a scintilla but less than a preponderance." Celardo, 318 F.3d at 146 (quoting Miller v. United Welfare Fund, 72 F.3d 1066, 1072 (2d Cir. 1995)).

The United States Court of Appeals for the Second Circuit has repeatedly stressed that courts "are not free to substitute [their] own judgment for that of the [plan administrator] as if [they] were considering the issue of eligibility anew." Pagan, 52 F.3d at 442; Celardo, 318 F.3d at 146. In addition, "a district court's review under the arbitrary and capricious standard is limited to the administrative record." Miller, 72 F.3d at 1071.

Given this "highly deferential" standard of review, see Celardo, 318 F.3d at 146, the Court finds that the plan administrator's decision to calculate Zdzienicki's pension benefits using July 30, 1939 as her date of birth was not arbitrary and capricious and therefore did not violate ERISA. The decision was supported by voluminous documentary evidence, including Zdzienicki's sworn statement at the outset of her employment, her United States government issued Certificate of Naturalization, her New York State driver's abstract, her diploma from the Warsaw University of Technology, her 1990 COBRA forms,[5] her employment authorization form and her 1993 medical laboratory reports. Also supporting the decision was the fact that Zdzienicki did not attempt to "correct" Con Edison's records of her date of birth until April 2003, when her pension payments were about to begin – this was 23 years after she first attested to the company that she was born on July 30, 1939. It would not have been unreasonable for the

---

[5] As noted above, Zdzienicki contends that the "1939" that appeared three times on her COBRA forms was in fact "1934." However, to this Court's eye, the digits at issue are 9's, not 4's, and it was plainly reasonable for the plan administrator to conclude that to be the case. The Court also notes that Zdzienicki makes this argument for the first time here; she did not contest the validity of the 9's to the plan administrator even after learning that he was relying in part on the COBRA forms in rejecting her appeal.

9

plan administrator to conclude that if Zdzienicki were truly born in 1934, she would have informed the company of that fact in 1990, when it twice sent her forms showing that her pension benefits would be calculated using 1939 as her year of birth, or at least in 1999, when, had Zdzienicki been born in 1934, she would have turned 65 and thus would have been entitled to pension payments at that time. Thus, "a reasonable mind" could view the evidence in the administrative record "as adequate to support the conclusion" that Zdzienicki was born on July 30, 1939. See Celardo, 318 F.3d at 146.

Zdzienicki's tack in this Court is a narrow one: she urges that regardless of the earlier documents she submitted, it was arbitrary and capricious for the plan administrator not to attempt to authenticate the copies of the Polish birth certificate, marriage license and passport because those documents, according to Zdzienicki, constitute definitive evidence of her true age. As support for this contention, Zdzienicki cites language from Cutignola v. New York Tele. Co., No. 83 Civ. 2082, 1984 WL 1324 (S.D.N.Y. Dec. 11, 1984), noting that "It has been held that complete disregard of very persuasive evidence tending to support [entitlement to a benefit], notwithstanding substantial evidence supporting denial of benefits, constitutes arbitrary and capricious action." Id. at *5 (citing Beggs v. Mullins, 499 F. Supp. 916, 920 (S.D.W.V. 1980)). That case, however, is distinguishable from the facts here.

Specifically, the court in Cutignola emphasized that the "complete disregard" standard was "absolute [in] nature" such that the plaintiff in that case, who was seeking disability benefits, could prevail at trial only if he could show that the defendants were "totally unaware" of the evidence in question at the time they denied his claim and thus can be determined to have not considered the evidence at all. Id. At issue were two pieces of evidence: a decision by the Worker's Compensation Board in the plaintiff's favor and the fact that the plaintiff had been

10

awarded Social Security benefits for his alleged disability. Id. at *4-5. The court found that the "absolute disregard" standard did not apply to the Worker's Compensation decision because the parties stipulated that the defendants "knew" of the decision when denying the plaintiff's claim. Id. at *5. The court nevertheless denied defendants' motion for summary judgment because whether the defendants were indeed "totally unaware" of the social security award was a disputed issue of material fact. Id. at *5-6.

Here, the record is clear that Con Edison's plan administrator knew about the "Abridged Copy of Birth Certificate," "Abridged Transcript of Marriage Certificate" and Polish passport because the parties stipulated that he "looked at" those documents and the administrative record shows that he "review[ed]" them. (See AR 363-68, 420-21; Aug. 1 Tr. at 17.) Thus, it cannot be said that the plan administrator acted in "complete disregard" of the evidence in the record. Cutignola, 1984 WL 1324, at *5.

Zdzicnicki also relies on Tholke v. Unisys Corp., No. 01 Civ. 5495, 2002 WL 575650, at *4 (S.D.N.Y. Apr. 16, 2002), in which the district court found that a review committee's decision upholding a claim denial did not constitute a "full and fair review" of the evidence as required by ERISA in part because the committee failed to investigate significant discrepancies in the record. In Tholke, however, the district court was especially concerned with the fact that the review committee did not look at any of the underlying documents and provided no explanation for its decision, thus acting as a mere "rubber stamp" for the decision below. Tholke, 2002 WL 575650, at *4. Here, on the other hand, Con Edison's plan administrator examined all of the evidence in the record, including – albeit in cursory fashion – the Polish documents. (See AR 363-68, 420-21; Aug. 1 Tr. at 17.) He also provided detailed, reasoned explanations for his decisions. (AR 363-68, 420-21.)

11

Moreover, the fact that the plan administrator chose not to investigate the authenticity of the Polish documents was inconsequential given the considerable evidence already in the record establishing Zdzienicki's age. Put another way, even if the plan administrator had somehow contacted Polish authorities and discovered that the Polish documents were indeed authentic – and nevertheless still denied Zdzienicki's request for additional benefits based on the other evidence in the record – that decision would have been supported by substantial evidence.

That is because the law is clear that a plan administrator's "exercise of discretion involves the freedom to decide what evidence to credit or to discredit," Mehaj v. Bldg. Serv. 32B-J Health Fund, No. 04 Civ. 7613, 2005 WL 2030283, at *2 (S.D.N.Y. Aug. 23, 2005), and "the mere existence of conflicting evidence does not render [an administrator's] decision arbitrary or capricious," Rosario v. Local 32B-32J, No. 00 Civ. 7557, 2001 WL 930234, at *4 (S.D.N.Y. Aug. 16, 2001). Had the Polish documents been deemed "authentic," the plan administrator would have been faced with two conflicting sets of authentic government documents: a New York State driver's abstract and a U.S. Certificate of Naturalization that provided one date of birth[6] and a Polish passport and "abridged" copies of a Polish birth certificate and marriage license that provided a different date. The decision to credit the first set of documents, especially in light of when they were submitted and the other corroborating evidence over a substantial period of time in the administrative record, cannot be said to have been "without reason, unsupported by substantial evidence or erroneous as a matter of law." Pagan, 52 F.3d at 442 (2d Cir. 1995); see also O'Shea v. First Manhattan Co. Thrift Plan & Trust, 55 F.3d 109, 112 (2d Cir. 1995) (where both the plan administrator and a rejected claimant

---

[6] Defendants also note that Zdzienicki's U.S. passport shows July 30, 1939 as her date of birth, but because that information was not part of the administrative record, the Court does not consider it here. See Miller, 72 F.3d at 1072.

12

"offer rational, though conflicting, interpretations of plan provisions, the [administrator's] interpretation must be allowed to control"); Blangy v. Richardson, No. 7134, 1971 WL 3828 (S.D. Ohio June 7, 1971) (in a case involving "a mass of conflicting oral and documentary evidence pertaining to [the plaintiff's] date of birth," the defendant did not abuse his discretion in choosing one date to rely upon "even if the court would have reached a different decision had we heard the case de novo"). Accordingly, the plan administrator's decision was not arbitrary and capricious and Zdzienicki's claim pursuant to ERISA must fail.

## IV. Conclusion

Because the plan administrator's decision to calculate Zdzienicki's pension benefits using July 30, 1939 as her date of birth was supported by substantial evidence and was not arbitrary and capricious, Zdzienicki's claim for denial of benefits pursuant to ERISA fails as a matter of law. Defendants' motion for summary judgment is therefore granted, plaintiff's motion for summary judgment is denied and the Clerk of Court is directed to enter judgment dismissing the complaint.

Dated: New York, New York
August 29, 2006

SO ORDERED:

Sidney H. Stein, U.S.D.J.